IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES C. MCNEILL, )
)
       Plaintiff, )
)
v. ) 1:18CV786
)
CAMERON GADDY, et al., )
)
       Defendants. )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff James C. McNeill, a prisoner of the State of North Carolina, seeks monetary damages against several defendants pursuant to 42 U.S.C. § 1983 for alleged wrongful confiscation of legal documents and deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at Scotland Correctional Institution ("Scotland"). (*See* Compl., Docket Entry 2.) Defendant, Connie Locklear-Jones, M.D. ("Dr. Locklear-Jones"), has filed a Motion for Summary Judgment solely on the issue of whether Plaintiff exhausted his administrative remedies. (*See* Docket Entry 22.) Plaintiff filed a response. (Docket Entry 27.) For the reasons stated herein, the Court recommends that the motion for summary judgement be granted and this action be dismissed against Dr. Locklear-Jones.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that he was injured as a result of Defendants' deliberate indifference to his serious medical needs while he was incarcerated at Scotland from May 23, 2018 through July 12, 2018. (Compl. at 40-41.) Plaintiff states that Defendant Dr. Locklear-Jones discontinued treatment for Plaintiff's chronic pain in retaliation of another

1

pending lawsuit against Dr. Locklear-Jones. (*Id.* at 32). Specifically, Plaintiff alleges that Dr. Locklear-Jones disregarded previous medical orders for his prescription medications for Gabapentin, Tramadol, and Baclofen, as well as an extra mattress and chair in his cell. (*Id.* at 35.)

Plaintiff also alleges that on May 23, 2018, he went to a medical screening and overheard Dr. Locklear-Jones say that she "can't stand" Plaintiff and wished he was dead. (*Id.* at 40-41.) Plaintiff alleges that Dr. Locklear-Jones informed the staff not to dispense Plaintiff's blood pressure medications. (*Id.* at 41.) Plaintiff asserts that he submitted a total of 12 grievances concerning Dr. Locklear-Jones' deliberate indifference to his serious medical needs and none were processed. (*Id.*) Finally, Plaintiff states that once he was transferred to Polk Correctional Institution ("Polk"), he saw Dr. Sher Guleria, and all of Plaintiff's prescription medications were administered under medical order. (*Id.* at 43.)

Dr. Locklear-Jones filed her Motion for Summary Judgment on April 8, 2019. (Docket Entry 22.) She included affidavits and other attachments in support of her argument that Plaintiff failed to exhaust his administrative remedies prior to filing the instant civil Complaint. (*See* Docket Entries 24, 24-1, 24-2, 24-3, 24-4.) On April 19, 2019, Plaintiff filed a response, with an attached affidavit and grievance form dated November 22, 2016. (Docket Entry 27.) Defendant thereafter filed a reply. (Docket Entry 32.)

## II. DISCUSSION

Dr. Locklear-Jones argues that summary judgment should be entered in her favor solely on the grounds that Plaintiff failed to properly exhaust his administrative remedies regarding his claims against Dr. Locklear-Jones as required by the Prison Litigation Reform Act

2

("PLRA"). (Docket Entry 22.) Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting).

When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Anderson*, 477 U.S. at 248-49; *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

3

The PLRA, 42 U.S.C. § 1997e(a), requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled that Section 1997e's exhaustion requirement is mandatory. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson*, 407 F.3d at 676-77 (citing *Porter*, 534 U.S. at 524).

As a threshold matter, Dr. Locklear-Jones argues that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. (Docket Entry 23 at 3-13.) In support of this argument, she submitted the affidavits of three employers from the North Carolina Department of Public Safety[1] ("NCDPS"): Correctional Officer Sheryl Hatcher; Correctional Officer Keirah Williams; and the Executive Director of the Inmate Grievance Resolution Board ("the Board"), Kimberly Grande. (*See* Docket Entries 24, 33, 34.) The affidavits describe Plaintiff's use and knowledge of NCDPS's three-step Administrative Remedy Procedure ("ARP"), which governs the filing of grievances in each of its correctional facilities.[2] *See, e.g.*, *Moore v. Bennette*, 517 F.3d 717, 721 (4th Cir. 2008).

---

[2] *See* N.C. Gen. Stat. §§ 148-118.1 *et seq.*; N.C. Dep't Pub. Safety, Policy and Procedure Manual, Ch. G, §§ .0300 *et seq.*, *available at* https://www.doc.state.nc.us/dop/policy_procedure_manual/g300.pdf (last visted Sept. 16, 2019). The Court takes judicial notice of this established procedure of the NCDPS as a matter of public record. Fed. R. Evid. 201(1).

4

The ARP first encourages inmates to attempt informal communication with responsible officials at the facility where the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that "any aggrieved inmate may submit a written grievance . . . ." *Id.* § .0310(a)(1). An inmate may only submit a new grievance after a pending grievance has completed step two. *Id.* § .0304(b). If the inmate is not satisfied with the decision reached at the above-described step one of the grievance process, he or she may request relief from the facility head. *Id.* § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described step two of the grievance process, he or she may appeal to the Secretary of Public Safety ("SPS") through the Inmate Grievance Examiner ("IGE"). *Id.* § .0310(c)(1). The decision by the IGE or a modification by the SPS shall constitute the final step of the Administrative Remedy Procedure. *Id.* § .0310(c)(6). "North Carolina prisoners can satisfy the exhaustion requirement by completing all three steps of the inmate grievance process, which culminates in the rendering of a decision upon the prisoner's appeal by [ the Board]." *Harris v. Midford*, No. 1:10-cv-263-RJC, 2011 WL 1601446, at *2 (W.D.N.C. Apr. 27, 2011) (unpublished).

Here, Officer Hatcher processes grievances at Scotland. (Hatcher Aff. ¶ 2, Docket Entry 33.) Hatcher states that between May 23, 2018 and July 12, 2018, she received four grievance submissions from Plaintiff. (*Id.* ¶ 3.) Three of these grievances were rejected because plaintiff had another grievance pending at step one, while the fourth grievance concerning Plaintiff's personal property was appealed to step three on August 3, 2018. (*Id.* ¶¶ 5-8; *see also* Exs. A-D, Docket Entries 33-1, 33-2, 33-3, 33-4.)

Officer Williams, a correctional officer, reviewed the records related to a fifth grievance submitted by Plaintiff, after he transferred to Polk, that was received on July 18, 2018 and screened the following day. (Williams Aff. ¶ 4, Docket Entry 34.) In this grievance, Plaintiff complained of Dr. Locklear-Jones' discontinuance of his prescribed medications, including his order for an extra mattress and chairs in his cell. (Ex. A, Docket Entry 34-1.) Williams states that she rejected the grievance because Plaintiff had a pending grievance that had not completed step two review. (Williams Aff. ¶ 5; Ex. B, Docket Entry 34-2.) Williams informed Plaintiff of the same and provided him with a copy of the notice of rejection. (Williams Aff. ¶ 5.)

Lastly, Dr. Locklear-Jones' motion includes the affidavit of Grande, who is an IGE for NCDPS. (Grande Aff. ¶ 2, Docket Entry 24; *see also* Docket Entry 24-1 at 5.) She states that from May 23, 2018 through September 13, 2018, the Board reviewed four grievances appealed by Plaintiff and then issued an order for each grievance. (Grande Aff. ¶ 4.) One grievance was considered resolved by prison staff and was, therefore, dismissed. (*See* Ex. A, Docket Entry 24-1.) The other three grievances were dismissed because they lacked supporting evidence. (*See* Exs. B-D, Docket Entries 24-2, 24-3, 24-4.) Neither of these four grievances alleged complaints against Dr. Locklear-Jones at Scotland.

A review of the evidence demonstrates that Plaintiff did not exhaust his administrative remedies regarding Dr. Locklear-Jones' alleged deliberate indifference to a serious medical need. The grievance procedure at Scotland is a multi-step process. As explained above, the affidavits provided by Dr. Locklear-Jones demonstrate that Plaintiff failed to adhere to each step of the grievance process regarding his allegations of deliberate indifference to his serious

medical need. While Plaintiff did submit a grievance alleging deliberate indifference as to Dr. Locklear-Jones at Scotland, that grievance, along with three other grievances, was properly rejected because Plaintiff already had an active grievance in process at step one. When Plaintiff transferred to Polk and again attempted to raise his concerns regarding Dr. Locklear-Jones, that grievance was also properly rejected because Plaintiff had an active grievance in process at step one. A properly rejected grievance is not sufficient to demonstrate that Plaintiff complied with the exhaustion requirement. *See Seamons v. Guise*, No. 3:16-CV-649-FDW, 2017 WL 190101, at *2 (W.D.N.C. Jan. 17, 2017) (unpublished) ("The fact that the NCDPS did not allow Plaintiff to file his grievances . . . based on NCDPS policy that a new grievance may not be filed while another one has not proceeded past Step Two does not constitute a reason to excuse Plaintiff from the exhaustion requirement.").

In opposition to Dr. Locklear-Jones' motion, Plaintiff filed an affidavit stating that he submitted a total of 12 grievances while at Scotland regarding Dr. Locklear-Jones' alleged deliberate indifference to a serious medical need. (McNeill Aff. ¶ 3, Docket Entry 27.) Plaintiff, however, does not provide any further documentation of such submissions. The only documentation Plaintiff provides is a grievance dated November 22, 2016. (Docket Entry 27 at 4). This grievance is well outside the time period underlying the Complaint, but more importantly, it fails to mention constitutional violations concerning Dr. Locklear-Jones' alleged deliberate indifference to a serious medical need. (*Id.*) As such, Plaintiff's response is akin to a self-serving affidavit that is insufficient to create a genuine issue of material fact. *Evans*, 80 F.3d at 962; *Bynum v. Poole*, No. 1:15CV960, 2017 WL 5466702, at *3 (M.D.N.C. Nov. 13, 2017) (unpublished) (Plaintiff's "self-serving affidavit is not sufficient to create a

7

genuine issue of material fact."); *Jones v. Metts*, No. 5:11-CV-00122-RBH, 2012 WL 630180, at *3 (D.S.C. Feb. 27, 2012) (unpublished) ("[U]nsubstantiated allegation[s], wholly lacking in evidentiary support, [are] insufficient to create a genuine issue of material fact as to whether [prisoner] did, in fact, exhaust his administrative remedies.").

In sum, Plaintiff's arguments fail to create a genuine issue of material fact on the issue of exhaustion. His "mere rote assertions" regarding exhaustion of his administrative remedies "remain unaccompanied by supporting facts." *Lockett v. Johnson*, No. 7-11-CV-00125, 2011 WL 3794008, at *5 (W.D. Va. Aug. 25, 2011) (unpublished). Also, "vague assertions of the [Scotland's] unresponsiveness to [Plaintiff's] alleged grievances and appeals likewise fail to satisfy the administrative exhaustion requirement." *Id.* Therefore, Dr. Locklear-Jones' motion for summary should be granted. *See Fox v. Barnes*, No. 1:16CV1196, 2018 WL 3406859, at *4 (M.D.N.C. July 12, 2018) (unpublished) ("Since there exists no genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies prior to filing his original Complaint in this action, Defendants' motion should be granted."); *Seelig v. Perry*, No. 1:16CV1166, 2017 WL 5006427, at *9 (M.D.N.C. Oct. 30, 2017) (unpublished) ("Having failed to exhaust his administrative remedies by completing all three steps required by the ARP, Defendant's motion for summary judgment should be granted.").

**III. CONCLUSION**

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant's Dr. Locklear-Jones' Motion for Summary Judgment (Docket Entry 22) solely on the issue of whether Plaintiff exhausted administrative remedies, be **GRANTED**, and that this action be dismissed without prejudice.

							_____
								Joe L. Webster
							United States Magistrate Judge

September 26, 2019
Durham, North Carolina