IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES C. MCNEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV786 |
| | ) | |
| MONICA BOND, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff James C. McNeill's motion seeking a "Preliminary Injunction and a Temporary Injunction" (Docket Entry 169), and his second motion seeking a preliminary injunction, and a temporary restraining order (Docket Entry 173). Additionally, in Plaintiff's second motion he requests a "Continuance." (*Id.*) For the following reasons, the undersigned recommends denying Plaintiff's motions seeking preliminary injunctions and a temporary restraining order. Further, the undersigned recommends denying Plaintiff's request for a continuance.[1]

## I. BACKGROUND

Plaintiff, a *pro se* prisoner proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on September 13, 2018. (Compl., Docket Entry 2; *see also* Docket Entries 1, 3.) In the Complaint, Plaintiff contends that his First, Fourth, Fifth, Sixth, Eighth, and

---

[1] Plaintiff also requests for his second motion to be "recognized as a change of address." (Docket Entry 173.) However, the record reflects that Plaintiff's address has been changed accordingly per his request, thus his request is moot.

1

Fourteenth Amendment rights were violated by numerous Defendants between May 23, 2018 and July 13, 2018, however, Monica Bond is the only remaining Defendant. (*See* Compl.; *see also* Docket Entries 97, 159.) Specifically, Plaintiff alleges, *inter alia*, that he was injured by Defendant Bond, the Chief Disciplinary Hearing Officer, upholding the guilty decision against him, despite his attempt to explain that the disciplinary charge was fabricated. (Compl. at 25-28, 33-34.) Further, Defendant Bond knew that by upholding the fabricated "gang" charge Plaintiff would "suffer lifelong severe restrictions and negative labeling" within the North Carolina prison system. (*Id.* at 33-34.)

This matter was set for trial in July 2022 (Docket Entry 142) but later continued to January 9, 2023 (Docket Entries 170, 172). On August 4, 2022, Plaintiff filed a motion for a preliminary injunction and a temporary injunction, alleging that between December 2021 and July 2022, numerous prison personnel at the Alexander Correctional Institution confiscated his personal property, including his legal materials, which were never returned; denied him access to the "[f]ree WestLaw App" as he was not provided his four digit login pin number; denied his requests to access all of the legal materials in the instant action; and called him racial slurs. (Docket Entries 169 at 1-5, 169-2.) He also alleges that the withholding of his legal materials related to the instant action "paralyzes his ability to litigate this case" effectively. (Docket Entry 169 at 5.)[2]

Additionally, on November 16, 2022, Plaintiff filed a motion seeking a preliminary injunction, and a temporary restraining order "enjoining" Defendant Bond and her "agents,

---

[2]Plaintiff also makes allegations against "Alexander Correctional Institution Staff Ms. Sims," however, it is unclear whether he is referring to former Defendant Barsha Sims. (*See* Docket Entry 169 at 3.)

servants, employees" and "persons in active concert" with her from continuing to obstruct his outgoing legal mail. (Docket Entry 173 at 1.) In that motion he alleges that since his transfer to Granville Correctional Institution he has been denied writing paper for "5 out of the 9 weeks" he has been there; that prison personnel at Alexander Correctional Institution had not given him legal correspondence from prospective counsel; and that prison officials at Granville Correctional Institution obstructed and stole "his outgoing legal mail to prospective legal counsel" in September 2022 and October 2022. (*Id.* at 1-6.) Plaintiff also requests a continuance for, as best the Court can tell, "leave to file supplemental pleadings," in further support of the motions for injunctive relief. (*Id.* at 1, 5.)

## II. DISCUSSION

As discussed above Plaintiff has filed two motions seeking preliminary injunctions and a temporary restraining order relating to conduct that occurred after he filed the Complaint in the instant action. (*See* Docket Entries 169, 173, 174.)

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006); *see also Neiswender v. Bank of Am.*, No. C09-2595PJH, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) (unpublished) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

3

heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).[3]  The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted) ("recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances'").

Furthermore, "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). A "preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.* Thus, the moving party for a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citation

---

[3]Temporary restraining orders, which may be issued without notice to the adverse party, are limited in duration to 14 days unless the court for good cause extends it. Fed. R. Civ. P. 65(b)(2).

4

omitted); *see also Jason v. Robinson*, No. 7:21CV00320, 2021 WL 5321028, at *1-2 (W.D. Va. Nov. 8, 2021) (unpublished) (denying plaintiff's motion seeking interlocutory injunctive relief because plaintiff's motion failed to establish a relationship between the injury claimed in his motion and the conduct asserted in the complaint, as his motion involved individuals not named as defendants in the lawsuit and events that occurred months after the latest constitutional violation alleged in the complaint).

Here, Plaintiff has failed to make the requisite showing for both a preliminary injunction and a temporary restraining order. Specifically, in Plaintiff's August 4, 2022 motion, he does not attempt to address any aspect of the four-part test governing motions seeking preliminary injunctive relief. (*See* Docket Entry 169.) In the November 16, 2022 motion, he only conclusory argues that he has a "great likelihood of success on the merits" with the legal representation he seeks; that he will suffer irreparable harm by prison officials at Granville Correctional Institution obstructing his legal mail to a civil rights attorney as they are depriving him of legal representation and their actions will cause him to lose the jury trial in the instant action; that the balance of hardships favors him, as he is entitled to a protected attorney-client relationship; and that it is always in the public interest for prison officials to obey the law. (*See* Docket Entry 174.)

However, Plaintiff's arguments are unavailing as he fails to establish a relationship between the injuries claimed in his motions and the conduct asserted in the Complaint, given that he complains about different, unrelated, and more recent events than those alleged in the initial Complaint. (*See generally* Docket Entries 169, 169-2, 173, 174.) Further, the misconduct he alleges occurred years after the latest constitutional violation alleged in the Complaint. (*Id.*)

5

Moreover, the undersigned notes that Plaintiff's motions involve individuals not named as Defendants in the instant action, as he makes allegations of misconduct by different prison officials at two correctional institutions. (*Id.*) In this context, "[t]he Court cannot issue an order directed at non-parties." *Drayton v. Ozmint*, No. 8:10-2079-HFF-BHH, 2010 WL 4922698, at *1 (D.S.C. Nov. 3, 2010) (unpublished), *report and recommendation adopted*, No. 8:10-02079, 2010 WL 4922692 (D.S.C. Nov. 29, 2010) (unpublished). Furthermore, Plaintiff may initiate a separate legal action regarding the alleged misconduct in his motions, given that his allegations could establish independent constitutional violations and he may not obtain injunctive relief for such violations during the course of litigating his unrelated claims in this action. *See Tart v. Dufault*, No. 5:12-CT-3127-F, 2013 WL 12092199, at *1 (E.D.N.C. May 3, 2013) (unpublished) (denying plaintiff's motion for a temporary restraining order as the Court found it unnecessary to issue an order restraining unnamed persons from committing retaliatory actions which would themselves constitute independent constitutional violations, as plaintiff could institute a separate legal action alleging such violations; plaintiff could not obtain injunctive relief for such violations in the course of litigating his unrelated claims). Therefore, the undersigned recommends that Plaintiff's motions seeking preliminary injunctions and a temporary restraining order be denied, given that he has not shown he is entitled to an extraordinary remedy.[4]

---

[4] To the extent Plaintiff seeks a continuance for additional time to file supplemental pleadings in further support of his motions for injunctive relief, that request should also be denied.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff James C. McNeill's motions seeking preliminary injunctions and a temporary restraining order (Docket Entries 169, 173) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent Plaintiff requests a continuance to file supplemental pleadings (Docket Entry 173) that request be **DENIED**.

This, the 8th day of December, 2022.

_____
Joe L. Webster
United States Magistrate Judge