IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| James C. McNeill, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Cameron Gaddy, *et al.*, )<br>)<br>Defendants. )<br>) | 1:18CV786 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

The above-captioned matter came on for jury trial on January 9, 2023, and at the close of Plaintiff's evidence, counsel for Defendant Monica Bond made an oral motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a). After hearing arguments from the parties, the Court reserved ruling and allowed Defendant to put on her evidence. Defendant then orally renewed her Rule 50 motion which this Court granted from the bench stating that a written Order was forthcoming. (Minute Entry 1/10/2023.) A Judgment in favor of Defendant will be filed simultaneously with this Order.

I. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 50(a), "[after] a party has been fully heard on an issue during a jury trial," a party may make a motion asking the court to enter judgment as a matter of law. This motion is made before a case is submitted to the jury and, to grant the motion, requires a finding that no reasonable jury could find for the opposing party. Fed. R.

Civ. P. 50(a)(2). "Judgment as a matter of law is only appropriate if, viewing the evidence in the light most favorable to the non-moving party, the court concludes that 'a reasonable trier of fact could draw only one conclusion from the evidence.'" *Corti v. Storage Tech. Corp.*, 304 F.3d 336, 341 (4th Cir. 2002) (quoting *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994)). "[I]f the nonmoving party [has] failed to make a showing on an essential element of his case with respect to which he had the burden of proof," judgment as a matter of law should be granted. *Wheatley v. Wicomico County*, 390 F.3d 328, 332 (4th Cir. 2004) (quoting *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995)).

## II. DISCUSSION

### A. Procedural Background

Pro se Plaintiff James C. McNeill, an inmate in the North Carolina prison system, originally brought this suit against several state employees alleging multiple claims under 42 U.S.C. § 1983. (ECF No. 2 at 3, 13.) At the time of trial, however, all but one of Plaintiff's claims had been resolved in Defendants' favor by an order of the Court. (ECF No. 97.) The sole claim at issue when trial commenced was the claim that Defendant Monica Bond, the Chief Disciplinary Hearing Officer for the North Carolina Department of Public Safety, deprived Plaintiff of due process during a prison disciplinary proceeding for the offense of possession of gang-related material. (ECF Nos. 91 at 29; 97 at 2.)

### B. Due Process

To prevail on a procedural or substantive due process claim, a prisoner must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *See Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir. 1996). A prisoner "may have a state-created liberty interest in certain prison confinement conditions," *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015), however, to give rise to due process protection, "the denial of such an interest [must]

2

impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 249 (citation omitted).  What constitutes "ordinary incidents of prison life" for a particular inmate is a fact-specific inquiry and depends on the inmate's normative baseline.  *Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015).  "Then, with the baseline established, [the factfinder must] determine whether the prison conditions impose atypical and substantial hardship in relation to that norm."  *Id.*

If an inmate's liberty interest is implicated, due process requires that he receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)).  Additionally, there must be "some evidence" in the record to support the findings of the prison disciplinary board "from which the conclusion of the administrative tribunal could be deduced . . . ."  *Id.* at 455 (quoting *United States ex rel. Vajatauer v. Comm'r of Immigr.*, 273 U.S. 103, 106 (1927)).  For a jury to find a defendant liable for depriving a plaintiff of due process, the jury must make its finding based a preponderance of the evidence.  *See Howard v. Dowdy*, No. 17-CV-477, 2022 WL 1720156, at *10 (M.D.N.C. May 27, 2022) (using preponderance of the evidence standard in jury instructions).

C.     <u>Evidence Presented at Trial</u>

During Plaintiff's case-in-chief, he called three witnesses to testify: himself, Defendant, and Defendant's supervisor.  (ECF No. 187 (Exhibit and Witness List).)[1]  Plaintiff also

---

[1] Throughout this Memorandum Opinion and Order, Court does not provide citations to a transcript of the trial because a certified transcript is not currently available.  In preparing this Memorandum

3

submitted copies of two prison policies into evidence.[2] (ECF No. 187; Plaintiff's Exhibit B (Conditions of Confinement Policy and Procedure); Plaintiff's Exhibit C (Inmate Disciplinary Procedures).)

At the time the Court granted Defendant's Rule 50 motion, the Court found that there was some evidence presented during plaintiff's case-in-chief from which a jury could determine that there was a liberty interest at stake in the disciplinary proceeding of which Plaintiff complains. However, at no point during trial did Plaintiff put on any evidence regarding the ordinary incidents of his prison life.[3] Nor did Plaintiff put on any evidence showing what sanctions he received from the disciplinary proceeding at issue.[4] Ultimately, by the time both parties had rested, while Defendant had filled the evidentiary gaps regarding what sanctions Plaintiff received—30 days of restrictive housing, loss of 40 days of credit time, 50 hours of extra duties, and temporary loss of certain privileges—there was still no evidence in the record establishing what Plaintiff's baseline ordinary incidents of prison life were.

---

Opinion and Order, the Court relied on its recollection of the trial as well as an uncertified rough transcript.

[2] Plaintiff also submitted copies of motions that he had made that this Court had previously denied, (Plaintiff's Exhibit A), as well as copies of mail related to this litigation that he has received in prison. (Plaintiff's Exhibits D; E; F; G). Although the Court received these exhibits, they are not related to the issue that was tried; instead, they are related to Plaintiff's repeated attempts to convert his trial into a motions hearing involving a series of unrelated grievances.

[3] Plaintiff asserted during his testimony that the ordinary incidents of prison life required that he be in general population. However, he did not elaborate on this conclusory statement by providing, for example, a description of how frequently he personally is in general population. Indeed, although Plaintiff also asserted during his opening statement that he had been in general population prior to being written up for possession of the gang-related material at issue in this case, he never made that assertion while testifying under oath. Thus, there was no evidence in the record that Plaintiff's ordinary prison life is spent in general population.

[4] While Plaintiff mentioned repeatedly during trial that he spent six months in isolation, there was no evidence that he ever spent six months in isolation as a result of the disciplinary proceeding at issue in this case.

4

Without a baseline to compare the sanctions to, no reasonable juror could find by a preponderance of the evidence that Plaintiff had been subjected to an "atypical and significant hardship." *See Incumaa*, 791 F.3d at 527.

Additionally, no reasonable juror could find that Defendant deprived Plaintiff of due process. Plaintiff presented *no* evidence that he did not receive advance written notice of the disciplinary charge, that he did not have an opportunity to present evidence in his defense, or that the disciplinary hearing officer who found him guilty of possession of gang-related material did not provide him with a written statement of the evidence and reasoning that the officer relied on. (To be clear, the disciplinary hearing officer who found Plaintiff guilty and imposed sanctions was not Defendant in this trial; as discussed later in this opinion, Defendant did not become involved in Plaintiff's case until after he was found guilty.)

Rather than present evidence that might show he was deprived of procedural due process, Plaintiff focused his case on a collaterally attacking the guilt determination that arose out of his disciplinary proceedings. His testimony included, among other things, that the material he was found to have wrongfully possessed was not a gang chart, rather it was a drug chart that he obtained from a magazine; that he had been allowed to have that chart at other prison sites; and that he believed the charge against him was fabricated as part of a scheme to retaliate against him for filing an earlier lawsuit against the prison. Additionally, when Plaintiff called Defendant and her supervisor as witnesses during his-case-in chief, most of his questions went to Defendant's qualifications and training, and whether she personally reviews all documents that pass through her office. None of this testimony was probative of the issue being tried.

5

By the close of trial, the only evidence in the record about the due process issues central to this case came from Defendant, and that evidence favored Defendant. When Defendant presented her evidence, she gave testimony explaining her limited involvement with Plaintiff's disciplinary charge. Pursuant to her duties as the Chief Disciplinary Hearing Officer, she adjudicated an appeal of that charge by reviewing the disciplinary package for the charge at issue (i.e., the complete administrative record for the disciplinary proceeding) to determine if any of Plaintiff's rights had been violated during the prison's investigation of the charge. Defendant moved a copy of the disciplinary package that she reviewed for Plaintiff's case into evidence as a business record, (Defendant's Exhibit 1), and she gave extensive testimony identifying the different parts of the disciplinary package that recorded how every step of the standard disciplinary process for a the charge of possession of gang-related material—starting with a writeup, proceeding through an investigation, going to a disciplinary officer hearing, and then being appealed to Defendant—was carried out in Plaintiff's case. According to Defendant's testimony, she reviewed every page of Plaintiff's disciplinary package for the possession gang-related material charge when she considered Defendant's appeal, and she did not find any violation of any of his rights. Therefore, according to Defendant, she affirmed the finding of guilt and the sanctions imposed.

Against the foregoing, Plaintiff did not present any evidence that Defendant did not review his entire disciplinary package. Nor did Plaintiff present any evidence that Defendant failed to follow any applicable policy or procedure when she conducted her review and affirmed the finding of guilt. While Plaintiff testified that his investigating officer did not follow procedures insofar as Plaintiff had requested the officer check a prison mail log and the investigator did not do this, such request was not reflected in the disciplinary record and

6

therefore not a part of Defendant's review. The Court concludes that even if that request had been reflected in the record, its inclusion would not have affected whether Defendant provided Plaintiff due process because the contents of the mail log were not probative of whether Plaintiff was guilty of the charge at issue—possession of gang-related material.[5]

As Plaintiff presented no evidence relevant to whether Defendant afforded him due process, a factfinder can look only to Defendant's evidence, and that evidence meticulously details Plaintiff's receipt of procedural protections at all stages of the disciplinary charge process that went beyond the minimum that case law requires. It shows too that there was ample evidence before Defendant during her limited personal involvement with Plaintiff's case from which her conclusion—that there was no violation of Plaintiff's rights during the disciplinary investigation and hearing that required setting aside the finding of guilt and dismissing the charge—could be deduced.

Accordingly, viewing the evidence in the light most favorable to Plaintiff, the Court concludes as a matter of law that no reasonable juror could have found in Plaintiff's favor based on the evidence presented at trial. For foregoing reasons, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment as a Matter of Law is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. A

---

[5] While cross-examining Defendant, Plaintiff also argued there was a procedural violation because the officer assigned to investigate his case did not question certain witnesses that Plaintiff requested be questioned. However, Plaintiff apparently requested these witnesses be questioned for the purpose of investigating his allegation that there was a scheme to retaliate against him for being litigious, and because these witnesses were involved with a dispute regarding Plaintiff's medical records. Defendant testified that the officer assigned to investigate the charge that Plaintiff had possessed gang-related material did not question these witnesses because the officer concluded the allegations of retaliation, and the medical records dispute were not relevant to the charge at issue. The Court concurs with that assessment.

7

judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This, the 9th day of February 2023.

/s/ Loretta C. Biggs
United States District Judge